PAUKERT & TROPPMANN, PLLC
BREEAN BEGGS, WSBA 20795
522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA ORVIS, a single woman, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPOKANE COUNTY, a municipal corporation,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS<br><br>CLASS ACTION |

## I.  INTRODUCTION

1. This class action seeks monetary damages against Defendant SPOKANE COUNTY for violations of the Plaintiff's, and other similarly situated individuals' civil rights guaranteed under the Fourteenth Amendment through its "Auto jail" collections policies and procedures pursuant to 28 U.S.C. §§ 1983 and 1988. Spokane County's policy of imprisoning people for failure to make legal financial obligation without first holding a judicial hearing to determine their ability to pay and whether or not non-payment was willful violated Ms. Orvis's, and other similarly situated individuals' clearly

COMPLAINT - 1

Paukert & Troppmann, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99201
(509) 232-7760

established constitutional rights under the Fourteenth Amendment not to be deprived of liberty without due process of law. Spokane's "Auto jail" policy at issue in this case has already been declared unconstitutional by the Washington State Supreme Court in *Nason v. State of Washington*, 168 Wn.2d 936 (2010).

## II. JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(2)-(3).

4. This action is brought pursuant to the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, §1988.

5. All acts complained of herein occurred in Spokane County, Washington.

## III. PARTIES

6. Plaintiff LISA ORVIS is a single woman residing in Spokane County, which is within the Eastern District of Washington and she has been a resident of Spokane County at all times relevant herein. She is a real party in interest in this case.

7. Defendant SPOKANE COUNTY is a municipal corporation and is located within the Eastern District of Washington.

Paukert & Troppmann, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99201
(509) 232-7760

## IV. FACTS

8. On or about March 20, 2002, Ms. Orvis received a criminal sentence in Spokane County Superior Court that included restitution payments and other legal financial obligations.

9. On or about March 27, 2007, Ms. Orvis, without legal counsel, signed an Order Enforcing Sentence-LFO that found her guilty of willful violation of a previous court order to make certain LFO payments to Spokane County and sentenced her to forty-five days in jail.

10. The order of March 27, 2007, further ordered Ms. Orvis to make $25/month payments, and failing to make such payments, to report directly to the Spokane County Jail on January 14, 2008, to serve a sixty-day sentence.

11. A Spokane County employee, acting as a Court Collection Deputy within the scope of her duties also signed the order of March 27, 2007, and reported on the order that she had advised Ms. Orvis of her legal rights even though the Court Collection Deputy was not an attorney licensed to practice law in Washington.

12. Ms. Orvis signed the order of March 27, 2007, outside the presence of any judicial officer and the proceeding did not include a judicial inquiry into Ms. Orvis' ability to pay or allege willfulness in failing to pay.

13. On or about December 5, 2007, Ms. Orvis, without legal counsel, signed an Order Enforcing Sentence-LFO that found her guilty of willful violation of the previous court order to make certain LFO payments to Spokane County and sentenced her to thirty days in jail.

14. The order of December 5, 2007, further ordered Ms. Orvis to make $150/month payments, and failing to make such payments, to report directly to the Spokane County Jail on August 27, 2008, for incarceration.

15. A Spokane County employee, acting as a Court Collection Deputy within the scope of her duties also signed the order of December 5, 2007, and reported on the order that she had advised Ms. Orvis of her legal rights even though the Court Collection Deputy was not an attorney licensed to practice law in Washington.

16. Upon belief, Ms. Orvis signed the order of December 5, 2007, outside the presence of any judicial officer and the proceeding did not include a judicial inquiry into Ms. Orvis' ability to pay or alleged willfulness in failing to pay.

17. On or about September 30, 2008, Ms. Orvis was arrested and booked into the Spokane County Jail for failing to directly report to the jail on August 27, 2008, pursuant to the "Auto jail" order she signed on December 5, 2007.

18. On or about October 2, 2008, Ms. Orvis, without legal counsel, signed an Order Enforcing Sentence-LFO that found her guilty of willful violation of a

COMPLAINT - 4

Paukert & Troppmann, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99201
(509) 232-7760

previous court order to make certain LFO payments to Spokane County and guilty of not directly reporting to jail on August 27, 2008, pursuant to the "Auto jail" order she signed on December 5, 2007, and sentenced her to 30 days in jail.

19. The order of October 2, 2008, further ordered Ms. Orvis to make $50/month payments, and failing to make such payments, to report directly to the Spokane County Jail on April 8, 2009, to serve a forty-five day sentence.

20. A Spokane County employee, acting as a Court Collection Deputy within the scope of her duties also signed the order of October 2, 2008, and reported on the order that she had advised Ms. Orvis of her legal rights even though the Court Collection Deputy was not an attorney licensed to practice law in Washington.

21. Ms. Orvis signed the order of October 2, 2008, outside the presence of any judicial officer and the proceeding did not include a judicial inquiry into Ms. Orvis' ability to pay or alleged willfulness in failing to pay.

22. Upon belief, Ms. Orvis has not been charged with any new crimes since her judgment and sentence of March 2002 was entered.

23. Ms. Orvis had made numerous payments on her legal financial obligations account between 2002 and the dates of her incarceration under the "Auto jail" orders and continues to make them on a monthly basis.

24. The practice of using non-attorneys assigned as Deputy Collections Clerks to advise parties of their legal rights in the collections process was an official policy and practice of Spokane County.

25. The practice of having defendants agree to findings requiring them to serve jail time for failure to make Legal financial obligation payments outside the presence of a judicial officer and without a judicial inquiry into their ability to pay, or the willfulness of their non-payment, was an official policy and practice of Spokane County.

26. The practice of including mandatory jail reporting language in the "Auto jail" orders without first holding a hearing to determine ability to pay or willfulness in non-payment was an official policy and practice of Spokane County.

27. Upon belief, Ms. Orvis served at least 20 days in the Spokane County Jail in the three years preceding the signing of this complaint as a direct and proximate cause of the Spokane County policies and practices described in paragraphs 24-26.

28. Upon belief, in the same three year period described in the preceding paragraph, thousands of individuals similarly situated as Ms. Orvis have been incarcerated for thousands of days as a direct and proximate cause of the Spokane County policies and practices described in paragraphs 24-26.

29. A reasonable per day, per person damage amount for each day illegally incarcerated in the Spokane County Jail is $500.00.

## V. CLASS ACTION ALLEGATIONS

30. Ms. Orvis brings this action on behalf of herself, and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), (3). The Plaintiff provisionally proposes the following class definition:

> All individuals who were incarcerated in the Spokane County Jail between December 3, 2007 and December 2, 2010, for failure to comply with an "Order Enforcing Sentence-LFO" without first appearing before a judicial officer in a hearing where the judicial officer ordered incarceration after inquiring into the financial ability of the individual to comply with court ordered payments and the degree of willfulness related to the non-payment that was the basis for the incarceration.

31. This is an appropriate class action because the proposed class is so numerous that joinder of all members is impracticable.

32. There are questions of law and fact common to the class, including whether Defendant's actions violate Plaintiff's and other class members' due process rights under the Fourteenth Amendment of the U.S. Constitution.

33. The claims of the Plaintiff are typical of the claims of the class.

34. The named Plaintiff will fairly and adequately protect the interest of the class.

COMPLAINT - 7

35. The named Plaintiff has available competent counsel with experience in civil rights and prisoners' rights who is willing and able to protect the interests of the class.

36. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate an award of monetary damages with respect to the class as a whole.

## VI.   CAUSES OF ACTION

### A. CIVIL RIGHTS — VIOLATION OF FOURTEENTH AMENDMENT

37. The actions of Defendant Spokane County, complained of above were taken under color of state law. These actions constitute clearly established violations of the Fourteenth Amendment rights to be free of unlawful deprivation of liberty without due process of law.

38. The Defendant's official policy and practice of incarcerating individuals for non-payment of legal financial obligations under "Auto jail" orders without first holding a hearing with a judicial officer violates Plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution for several reasons:

   1) The government does not meet its burden of proving that any non-payment was willful;

2) The government does not meet its burden of proving that there is not an alternative punishment or coercion short of incarceration that can meet its interest; and,

3) A county employee who is not licensed to practice law provides the individual legal advice.

Therefore, Spokane County has violated Ms. Orvis's due process rights under the Fourteenth Amendment.

39. Spokane County acted intentionally, knowingly, and/or with reckless or careless disregard and/or deliberate indifference to Plaintiff's constitutional rights as previously set out in Washington and federal court decisions.

40. Defendants are liable for damages, costs and attorneys' fees under 42 U.S.C. §§ 1983, 1988.

### B. MUNICIPAL LIABILITY

41. Defendant Spokane County explicitly adopted and implemented a policy, custom, or practice permitting its employees to incarcerate individuals for non-payment of legal financial obligations without first holding a judicial inquiry into their ability to pay and willfulness of any non-payment. These policies, customs, or practices explicitly allow, condone, ratify, and afford the

reckless, careless, and erroneous field decisions by its personnel so as to make mistakes or act willfully, wantonly and/or recklessly.

42. Defendant Spokane County, individually or through its agencies, is a "person" within the meaning of 42 U.S.C. § 1983. All actions taken by Spokane County in relation to the Plaintiff were taken under the color of law. In violation of the Fourteenth Amendment to the United States Constitution, Defendant Spokane County's illegal actions have deprived Plaintiff of her Constitutionally-protected rights against imprisonment without required due process of law.

43. By its conduct as described herein, Spokane County proximately caused the constitutional violations described above.

44. By this conduct, Spokane County violated Plaintiff's federal constitutional and statutory rights under 42 U.S.C. § 1983.

45. The unconstitutionality of Spokane County's conduct in this matter has already been fully adjudicated in the case of *Nason v. State of Washington*, 168 Wn.2d 936 (2010) and the County is therefore liable to Plaintiff as a matter of law under principles of equitable estoppel.

## DAMAGES

46. Spokane County's illegal imprisonment of Ms. Orvis and other class members proximately caused damages established at a daily rate for each person in an amount to be proven at trial, and nominal damages.

## VII.  REQUEST FOR RELIEF

WHEREFORE, the Plaintiff asks this Court to grant the following relief:

47. Certify this case as a class action under FRCP 23(b)(2), (3);

48. Award damages at a daily rate per person for each day of illegal incarceration resulting directly and proximately from Defendant's conduct, as set forth above, in an amount to be determined at trial;

49. For all prejudgment and post judgment interest as allowed by law;

50. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this lawsuit, pursuant to 42 U.S.C. § 1988, or any other applicable law; and

51. For any further or additional relief which the Court finds equitable, appropriate, or just.

Respectfully submitted this 3rd day of December, 2010.

PAUKERT & TROPPMANN, PLLC

s/Breean L. Beggs
WSBA 20795
522 W. Riverside Ave., Suite 560
Spokane, WA 99201
E-Mail: bbeggs@pt-law.com
Attorney for Plaintiff Lisa Orvis