UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA ORVIS, a single woman, and other similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>SPOKANE COUNTY, a municipal corporation,<br><br>                      Defendant. | NO: CV-10-424-RMP<br><br>ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

This matter comes before the Court on motions for class certification for settlement purposes, ECF No. 32, and for preliminary approval of proposed class action settlement and form and manner of notice, ECF No. 36, filed jointly by Plaintiff Lisa Orvis on behalf of herself and all others similarly situated (collectively, "Class Members"), and Defendant Spokane County ("the County"). The Court has reviewed the motions and papers filed in support of the motions and is fully informed.

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 1

## I.   BACKGROUND

This case concerns the County's practices with respect to collecting legal financial obligations ("LFOs"), a monetary sanction that superior courts in Washington State may impose as part of a sentence for a felony criminal conviction. *See* RCW 9.94A.760.  Courts may impose LFOs for fines, restitution, or reimbursement of court costs.  RCW 9.94A.760.

In 2003, the Washington legislature revised the LFO statutory scheme to transfer the authority to enforce the LFOs of persons who have been released from the custody of the Washington State Department of Corrections ("DOC") from the DOC to county clerks.  The County implemented a new LFO collection process to comply with the change in the statute.  Pursuant to the post-2003 process, the County first procured a bench warrant for the arrest of persons who had failed to comply with the terms of their LFO orders by failing to pay his or her financial obligation, failing to report to the County clerk's office, failing to complete a financial assessment form, or failing to appear for a hearing.  ECF No. 35 at 2; ECF No. 35-2 at 2.

Persons subsequently arrested pursuant to those bench warrants either remained in jail until the next scheduled LFO hearing docket or stipulated to entry of an "Order Enforcing Sentence-LFO" (hereinafter referred to as a "review-and-report order") that automatically required that the person report to jail on a

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS
CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT ~ 2

specified date upon failing to make an LFO payment or failing to notify the County of an inability to pay.  *See* 35-2.  Failure to report to jail pursuant to a review-and-report order became a separate offense for which the County imposed jail time. ECF No. 35 at 3.

      Plaintiff and the proposed class members encompass those persons who were incarcerated at the Spokane County Jail between December 3, 2007, and July 29, 2009, for failure to report to jail pursuant to review-and-report order without the benefit of a judicial determination regarding the person's ability to comply with the LFO payment requirements or the willfulness of any non-payment.  Plaintiff's complaint alleged that the County's practices of utilizing non-attorneys to advise persons of their legal rights in the collections process and of including mandatory, automatic jail-reporting language in the review-and-report orders without a requirement for a pre-incarceration hearing violated the Fourteenth Amendment. ECF No. 1.  The County modified its LFO collection process on July 29, 2009.

      Plaintiff Lisa Orvis received a criminal sentence that included restitution payments and other LFOs on approximately March 20, 2002.  ECF No. 35 at 4. After Ms. Orvis was released from the custody of the Department of Corrections, the County assumed responsibility for collecting Ms. Orvis's outstanding LFOs. The County sent a Collection Notice dated September 17, 2004, to Ms. Orvis requiring her to pay the outstanding balance or arrange a payment schedule with

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 3

the County Clerk. The County allegedly sent further notices and, not having received payment from Ms. Orvis, scheduled a hearing for February 2007. ECF No. 35 at 4. Ms. Orvis did not appear for the hearing, and a bench warrant was issued for her arrest. ECF No. 35 at 4.

Ms. Orvis was arrested on the warrant on approximately March 24, 2007. ECF No. 35. While in custody, she signed a review-and-report order that required her to report to jail on January 14, 2008, to serve 60 days in jail if she failed to pay the LFOs as directed or to request a stay of her obligation to pay.

Once Ms. Orvis was out of custody, on December 5, 2007, she signed another review-and-report order, which found that and Ms. Orvis had willfully failed to pay her LFOs as directed and which required Ms. Orvis to spend 30 days on work release and make payments of $150 per month beginning on January 1, 2008. ECF No. 35-3 at 2-3. The December 3, 2007, order further required Ms. Orvis to report to jail on August 27, 2008, should the scheduled case review on August 13, 2008, result in a finding that Ms. Orvis had not made payments toward her LFOs as directed or to request a stay of her obligation to pay. ECF No. 35-3 at 3. Ms. Orvis spent a total of 20 days in jail for LFO violations between December 3, 2007, and July 29, 2009. ECF No. 35 at 6.

On December 3, 2010, Ms. Orvis filed her complaint for violations of her civil rights, and the civil rights of others similarly situated, as guaranteed under the

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 4

Fourteenth Amendment, pursuant to 28 U.S.C. §§ 1983 and 1988.  ECF No. 1.  The parties engaged in extensive discovery and participated in mediation, and, on November 23, 2011, the parties filed a joint motion for the Court to vacate the scheduling order in the case and to stay the matter pending simultaneous filing of a joint motion for class certification and a joint motion for settlement.  ECF No. 26.  The Court granted the motion and stayed the case on November 28, 2011.  ECF No. 28.  The parties jointly filed motions on February 13, 2012, seeking an order certifying the class for settlement purposes, preliminarily approving the settlement agreement, and approving the proposed notice of class certification and settlement.  ECF Nos. 32 and 36.

## II.    CLASS CERTIFICATION

A court must first determine whether a proposed class can be certified before granting preliminary approval of a class action settlement.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

Under Federal Rule of Civil Procedure 23 ("Rule 23"), to certify a class, each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) must be met.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides the prerequisites to bringing a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable ["numerosity"];
> (2) there are questions of law or fact common to the class ["commonality"];
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; and
> (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy of representation"].

Fed. R. Civ. P. 23(a).

In addition to these prerequisites, a plaintiff must satisfy the requirements of one of the subdivisions of Rule 23(b) to maintain a class action. The parties seek qualification as a Rule 23(b)(3) class. *See* ECF No. 34 at 19. Rule 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### A. Numerosity (Rule 23(a)(1))

The parties in this matter agree that they have identified 267 persons who meet the agreed-upon class definition. ECF No. 35 at 8. The Court agrees with the

parties that joinder of potentially 267 separate plaintiffs in this matter is impractical both with respect to judicial economy and the likely inability of proposed members to initiate individual suits due to a lack of financial resources.

### B.    Commonality (Rule 23(a)(2))

Commonality requires a showing that there are questions of fact and law that are common to the class. Fed. R. Civ. P. 23(a)(2); *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).

In this matter, the Court is satisfied that common questions of fact and law permeate the class. Not only were all class members incarcerated in Spokane County Jail during the relevant period related to LFOs imposed as part of their felony sentences, they also share the common predicament of having been incarcerated pursuant to a review-and-report order. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) ("What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.") (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L .REV. 97, 131-32 (2009)).

### C.    Typicality (Rule 23(a)(3))

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 7

1  Rule 23(a)'s typicality prong exists "to assure that the interest of the named

2  representative aligns with the interests of the class." *Stearns v. Ticketmaster*

3  *Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (quoting *Wolin v. Jaguar Land Rover*

4  *North America, LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v.*

5  *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

6  Ms. Orvis fits within the objective criteria set articulated by the proposed

7  class definition in this matter. She was incarcerated during the proposed class

8  period for failing to report to jail pursuant to a review-and-report order. Moreover,

9  as with the other members of the purported class, the records provided by the

10  County during discovery demonstrate the number of days that Ms. Orvis spent in

11  Spokane County Jail for LFO violations and the amount of time that she served for

12  failure to report to jail pursuant to the review-and-report order. Consequently, Ms.

13  Orvis alleges the same injury as the injuries alleged on behalf of the rest of the

14  class—unlawful incarceration for an identifiable number of days. Therefore, the

15  Court finds that the claims of Plaintiff Ms. Orvis are typical of the claims of the

16  class members, satisfying Rule 23(a)(3).

17  **D.    Adequacy of Representation (Rule 23(a)(4))**

18  Rule 23(a)(4) requires that "the representative parties will fairly and

19  adequately protect the interests of the class. Representation is adequate if the

20  plaintiff: (1) "do[es] not have conflicts of interest with the proposed class" and (2)

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS
CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT ~ 8

1 is "represented by qualified and competent counsel." *Dukes v. Wal-Mart, Inc.*, 509

2 F.3d 1168, 1185 (9th Cir. 2007).

3     In the present matter, there appears to be no conflict of interest between Ms.

4 Orvis and the proposed class, and Plaintiff's counsel is qualified and competent.

5 First, Plaintiff has pursued the interests of the class by participating in discovery,

6 including being deposed by the County. *See* ECF No. 35 at 7. The settlement

7 award of $10,000 for Ms. Orvis alone appears to be reasonable in light of

8 Plaintiff's efforts in this litigation and "will not be drawn from the Class

9 Compensation Fund." ECF No. 39-2 at 6. Moreover, as stated in the parties' joint

10 memorandum, "Ms. Orvis and all the members of the proposed class are

11 exclusively interested in protecting their constitutional rights from alleged

12 unlawful loss of their liberty," and "all members whose liberty was allegedly

13 deprived without due process are interested in reimbursement for this conduct."

14 ECF No. 34 at 17. Second, there is no reason to doubt the competency of

15 Plaintiff's counsel to serve as class counsel. Accordingly, the adequacy of

16 representation requirement is met in this case.

17     **E.**    **Predominance and Superiority (Rule 23(b)(3))**

18     Rule 23(b)(3) requires that "questions of law or fact common to class

19 members predominate over any questions affecting only individual members, and

20 that a class action is superior to other available methods for fairly and efficiently

1  adjudicating the controversy." The Rule 23(b)(3) predominance inquiry asks

2  "'whether proposed classes are sufficiently cohesive to warrant adjudication by

3  representation.'" *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir.

4  2011) (quoting *Mevorah v. Wells Fargo Home Mrtg. (In re Wells Fargo Home*

5  *Mortg. Overtime Pay Litig.*), 571 F.3d 953, 957 (9th Cir. 2009)). "[The Ninth

6  Circuit has] held that 'there is clear justification for handling the dispute on a

7  representative rather than an individual basis' if "common questions present a

8  significant aspect of the case and they can be resolved for all members of the class

9  in a single adjudication . . . .'" *Mazza v. American Honda Motor Co., Inc.*, 666

10 F.3d 581, 589 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011,

11 1022 (9th Cir. 1998) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary

12 Kay Kane, Fed. Prac. & Proc. § 1778 (2d.1986)).

13    With respect to superiority, a class action may be the superior means of

14 litigating the common issues shared by class members when it reduces litigation

15 costs and promotes greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d

16 1227, 1234 (9th Cir. 1996). What is more, "[a] class action is the superior method

17 for managing litigation if no realistic alternative exists." *Valentino*, 97 F.3d at

18 1234-35.

19    In this matter the alleged deprivation of due process by incarceration for

20 failure to report to jail as directed is both a common question for all class members

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS
CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT ~ 10

and a significant aspect of the case.  In addition, class-wide resolution significantly reduces litigation costs and promotes efficiency for the courts, the County, and the class members.  Under the terms of the settlement, as discussed further below, each class member is eligible to receive an identical pro-rata share of the settlement fund, suggesting that there is no need for an individualized proceeding for each class member to determine the appropriate share for each class member.  Indeed, there is no evidence that the class members would have any interest in individual control of their cases or would be able to pursue litigation individually.

### F. Conclusion

Having found that the prerequisite requirements of Rule 23(a) as well as the additional requirements of Rule 23(b)(3) are all satisfied, the parties' joint motion for certification of the class for settlement purposes, **ECF No. 32**, is **GRANTED**.  Furthermore, Plaintiff Lisa Orvis is **appointed as class representative**, and Plaintiff's counsel Breean L. Beggs and Jeffry Keith Finer are **appointed as class counsel**.

## III. PRELIMINARY FAIRNESS DETERMINATION RE: SETTLEMENT

Having certified the class, the Court next must examine the proposed settlement and make a preliminary finding of fairness.  *See* Fed. R. Civ. P. 23(e).  Preliminary approval is appropriate if "the compensation for loss and damage provided by the settlement is within the range of reason, taking into account the

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 11

balance of costs to defendants and benefits to class members" and "whether the claims process under the settlement is likely to be fair and equitable in its operation." Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 22.923 at 454 (4th ed. 2004) (internal quotations omitted).

The Court finds that the proposed settlement appears to be a reasonable compromise reached after extensive discovery and discussion between the parties and displays no obvious deficiencies. The settlement provides for payment of approximately $75[1] for each day that a class member was incarcerated for failure to report to jail pursuant to a review-and-report order. Taking into account the size of the class, as determined by extensive document review by the parties, the settlement provides for payment of $271,375 by the County, with $40,000 designated for payment of Plaintiff's attorneys' fees and costs and approximately $231,375.00 designated for payment to class members as a benefit for any days spent in jail during the relevant period for a failure to report violations. Although the deprivation at issue in this matter is serious, the proposed benefit to class members appears to the Court to be within the range of fair and reasonable

---

[1] Under the terms of the settlement, the compensation rate may be increased if class members opt out of the class or decreased for deduction of additional Plaintiff's attorneys' fees and costs determined to be reasonable by the Court.

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 12

compensation given the uncertain outcome of the legal arguments and the risks and probable delay for Plaintiff and class members if litigation were to proceed toward trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. *Class Certification.* The parties' Joint Motion to Certify Class, **ECF No. 32**, is **GRANTED**. The above-captioned matter shall be maintained as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the following class of Plaintiffs:

   **All individuals who are incarcerated in Spokane County Jail between December 3, 2007, and July 29, 2009, for failure to report to jail as directed by an "Order Enforcing Sentence-LFO" without first appearing before a judicial officer in a hearing where the judicial officer ordered incarceration after inquiring into the financial ability of the individual to comply with court ordered payments and the degree of willfulness related to the non-payment that was the basis for the incarceration, and who were not serving time for any other charges at the time.**

   with respect to the following causes of action:

   Any claims for damages under 42 U.S.C. §§ 1983 ant 1988 premised upon the allegations that certain Spokane County legal financial obligation ("LFO") collection practices violated the Due Process Clause of the U.S. Constitution's Fourteenth Amendment.

2. *Class Representative; Class Counsel.* Lisa Orvis is designated as class representative, and Breean Beggs, Paukert & Troppmann, PLLC, and Jeffry Finer, Center for Justice, are designated as counsel for the class.

3. ***Exclusion.*** The notice to class members must inform them as to how they may exclude themselves from the class.

4. ***Proposed Settlement.*** The parties' joint Motion for Preliminary Approval of Proposed Class Action Settlement and Form and Manner of Notice, **ECF No. 36**, is **GRANTED**. The Proposed Settlement Agreement, Appendix A to this Order, between the Plaintiff class and the Defendant appears to be within the range of reasonableness and accordingly shall be submitted to the class members for their consideration and for a hearing under Fed. R. Civ. P. 23(e). The terms of the Proposed Settlement Agreement may be summarized as follows:

> The County agrees to pay $271,375.00 into a Class Compensation Fund to compensate persons who qualify as class members under the class definition certified above and to pay Plaintiff's attorneys' fees and costs. Each class member who does not opt out of the settlement within the allotted time will receive approximately $75 for each day that the class member spent in jail on a failure to report violation during the relevant time period under the class definition. The County further agrees to compensate Class Representative Lisa Orvis with an award of $10,000 for her time and effort related to this litigation, and that compensation is not drawn from the Class Compensation Fund.

5. ***Hearing.*** A hearing shall be held in Courtroom 901, Thomas S. Foley United States Courthouse, 920 West Riverside Avenue, Spokane, Washington, **at 9:00 a.m. on Monday, June 11, 2012,** to consider whether the settlement is fair, reasonable, and adequate and should receive the Court's final approval.

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 14

    a. Objections by class members to the proposed settlement will be considered if filed in writing with the Clerk on or before **May 11, 2012**.

    b. At the hearing, class members may be heard orally in support of or in opposition to the settlement, provided such persons file with the Clerk by **May 11, 2012**, a written notification of their desire to appear personally, indicating (if in opposition to the settlement) briefly the nature of the objection.

    c. Any class members who wish to opt out of the settlement must file a notification of their desire to opt out with the Clerk by **May 11, 2012**.

    d. Counsel for the Class and for Defendant should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

6. *Notice.* The Court approves, as to form and content the Class Notice Form, Appendix B to this Order, and the Publication Notice Form, Appendix C to this Order, **except that the Class Notice Form shall be modified to be printed in 14-point font.** As agreed to by the parties to this proposed settlement, Defendant, **within 15 days of this Order**, shall cause to be mailed in the name of the Clerk, by first class mail, postage prepaid, copies

of the Class Notice Form to the last known address of all members of the class.  **Within 21 days of this Order,** the Publication Notice shall run twice (once on a weekday and once on a Sunday) in the *Spokesman Review*. **Within 15 days of this Order**, the Publication Notice shall be posted in the Spokane County Jail.  **At or prior to the hearing on June 11, 2012,** the Defendant shall file with the Court and serve on Class Counsel proof by declaration or affidavit of the mailing, publication, and posting of notice, as described in this paragraph.  The Court finds that the mailing, publication, and distribution of the Mailed Notice and Publication Notice constitutes the best notice practicable under the circumstances and includes individual notice to all members who can be identified through reasonable effort, as required by Fed. R. Civ. P. 23(c).

7. *Jurisdiction.*  The Court has jurisdiction over the subject matter of this action and over all parties to this action.

**DATED** this 21st day of March 2012.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       Chief United States District Court Judge

ORDER GRANTING JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT ~ 16